

**IN THE COURT OF CRIMINAL APPEALS**
**OF TEXAS**

**No. WR-41,121-03**

**EX PARTE STEVEN ANTHONY BUTLER, Applicant**

**ON APPLICATION FOR WRIT OF HABEAS CORPUS**
**CAUSE NO. 511112 IN THE 185ᵗʰ JUDICIAL DISTRICT COURT**
**HARRIS COUNTY**

*Per curiam*. YEARY and SLAUGHTER, JJ., dissent.

**O P I N I O N**

Applicant was convicted of the offense of capital murder in 1988. The jury

answered the special issues submitted under Article 37.071 of the Texas Code of Criminal

Procedure, and the trial court, accordingly, set punishment at death.[1] This Court affirmed

Applicant's conviction and sentence on direct appeal. *Butler v. State,* 872 S.W.2d 227

(Tex. Crim. App. 1994). In 1999, we denied his initial post-conviction application for a

---

[1] Unless otherwise specified, all references in this opinion to "articles" refer to the Texas
Code of Criminal Procedure.

writ of habeas corpus filed pursuant to Article 11.071. *Ex parte Butler,* No. WR-41,121-01 (Tex. Crim. App. April 28, 1999) (not designated for publication).

This Court received Applicant's first subsequent post-conviction application for a writ of habeas corpus in May 2004. Therein, Applicant raised a claim that he was intellectually disabled and therefore categorically exempted from execution under the Supreme Court's holding in *Atkins v. Virginia.*[2] We determined that Applicant's *Atkins* claim satisfied Article 11.071, § 5, and remanded the allegation to the trial court for further consideration. The trial court held an evidentiary hearing in which Dr. George Denkowski testified for the State. We denied relief on Applicant's *Atkins* claim in June 2007. *Ex parte Butler,* No. WR-41,121-02 (Tex. Crim. App. June 27, 2007) (not designated for publication).

In April 2011, Dr. Denkowski entered into a Settlement Agreement with the Texas State Board of Examiners of Psychologist in which his license was "reprimanded." Applicant thereafter asked us to reconsider, on our own initiative, our 2007 denial of his *Atkins* claim. In December 2011, we exercised our authority to reconsider our initial disposition of Applicant's *Atkins* claim. *Ex parte Butler,* No. WR-41,121-02 (Tex. Crim. App. Dec. 14, 2011) (not designated for publication). We remanded the cause to the trial court to "re-evaluate its initial findings, conclusions, and recommendation in light of the Denkowski Settlement Agreement." *Id.* The trial court again recommended that we deny

---

[2] 536 U.S. 304 (2002).

relief on Applicant's *Atkins* claim, which we did in June 2012. *Ex parte Butler,* No. WR-41,121-02 (Tex. Crim. App. June 27, 2012) (not designated for publication).

The Supreme Court subsequently decided *Moore v. Texas,* 137 S. Ct. 1039 (2017) (*Moore I*), and *Moore v. Texas,* 139 S. Ct. 666 (2019) (*Moore II*). In those two cases, in relevant part, the Supreme Court rejected various aspects of this Court's analytical approach to *Atkins* claims, including our use of the *Briseno*[3] factors.

Applicant filed the instant habeas application in the trial court in April 2019, again raising an *Atkins* claim. In September 2019, we found that Applicant satisfied the requirements of Article 11.071, § 5(a)(1). *Ex parte Butler,* No. WR-41,121-03 (Tex. Crim. App. Sept. 18, 2019) (not designated for publication). We remanded this cause to the trial court "to consider evidence in light of the *Moore I* and *II* opinions and to make a recommendation to this Court on the issue of intellectual disability." *Id.*

The State thereafter asked Dr. Timothy J. Proctor to evaluate Butler for intellectual disability. In his report dated September 1, 2021, Proctor concluded that Applicant meets the criteria for intellectual disability. The parties filed agreed proposed findings of fact and conclusions of law, which the trial court signed on September 14, 2021. The trial court found, in pertinent part, that: Applicant has "significant limitations in intellectual functioning"; Applicant has "significant limitations" in the conceptual and social domains of adaptive behavior; and Applicant's "significant limitations in intellectual functioning

---

[3] *Ex parte Briseno,* 135 S.W.3d 1 (2004).

and adaptive behavior appeared prior to the age of 18." *See Moore II,* 139 S. Ct. at 668. Therefore, the trial court recommended that "habeas corpus relief should be granted."

We agree that Applicant has shown that he is a person with intellectual disability under *Moore I* and *II.* Based upon the trial court's findings and conclusions and our own review, we grant relief. We reform Applicant's sentence of death to a sentence of life imprisonment.

Delivered: May 25, 2022
Do not publish